IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § § § § § § | **SEALED** <br> No. 4:21-CR-303 <br> Jordan |
| v. | | |
| ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ <br> WASHINGTON ANTUNEZ MUSSO (2) <br> ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | | |

**INDICTMENT**

**FILED**

NOV 10 2021

Clerk, U.S. District Court
Texas Eastern

THE UNITED STATES GRAND JURY CHARGES:

**Count One**

Violation: 21 U.S.C. § 963 (Conspiracy to Import Cocaine and to Manufacture and Distribute Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States)

That from sometime in or about January 2018, and continuously thereafter up to and including November 10, 2021, in the Republic of Colombia, Eastern District of Texas and elsewhere,



Washington Antunez Musso

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to commit the

following offenses against the United States: (1) to knowingly and intentionally import five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, into the United States from the Republic of Colombia in violation of 21 U.S.C. §§ 952 and 960, and (2) to knowingly and intentionally manufacture and distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending and knowing and with reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 952 and 960.

In violation of 21 U.S.C. § 963.

### Count Two

Violation: 21 U.S.C. § 959 and 18 U.S.C. § 2 (Manufacturing and Distributing Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States, Aiding and Abetting)

That from sometime in or about January 2018, and continuously thereafter up to and including November 10, 2021, in the Eastern District of Texas and elsewhere,

**Washington Antunez Musso**

defendants, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

Indictment/Notice of Penalty – Page 2

In violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

### Count Three

Violation: Title 18 U.S.C. § 924(o) (Conspiracy to Possess Firearms in Furtherance of any Crime of Violence or Drug Trafficking Crime)

That from sometime in or about January 2018, and continuously thereafter up to and including November 10, 2021, in the Eastern District of Texas and elsewhere,

**Washington Antunez Musso**

knowingly, combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury to commit offenses against the United States, that is, the defendants, ▮▮▮, **Washington Antunez Musso,** ▮▮▮ conspired to possess firearms in furtherance of the crime of violence and drug trafficking crimes charged in Counts 1 and 2 of this Indictment, re-alleged herein, contrary to 18 U.S.C. § 924(c)(1) and 924(o).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

From defendant's engagement in the violations alleged in this Indictment, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), and 21 U.S.C. §§ 853 and 970, that was used or intended for use to commit, or to facilitate the commission of, such violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

A TRUE BILL

_____
GRAND JURY FOREPERSON

NICHOLAS J. GANJEI
UNITED STATES ATTORNEY


_____    _____
ERNEST GONZALEZ                                            Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | **SEALED** |
| | § | |
| v. | § | No. 4:21-CR- |
| | § | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | § | |
| WASHINGTON ANTUNEZ MUSSO (2) | § | |
| ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ | § | |

## Count One

Violation:   21 U.S.C. § 963

Penalty:     Imprisonment for not less than ten years or more than life, a fine not to exceed $10 million or both. A term of supervised release of at least five years

Special Assessment: $100.00

## Count Two

Violation:   21 U.S.C. § 959

Penalty:     Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five years

Special Assessment: $100.00

## Count Three

Violation:   18 U.S.C. § 924(o)

Penalty:     Imprisonment for not less than five years to be served consecutive with any other term; if the firearm is brandished, imprisonment for not less than seven years; if the firearm is discharged, imprisonment for not less than ten

Indictment/Notice of Penalty – Page 5

        years; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

<u>Special Assessment</u>:  $100.00