IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | **SEALED** |
| --- | --- | --- |
| v.  WASHINGTON ANTUNEZ MUSSO (2) | § § § § § § § § § § § § § § § § § § | No. 4:21-CR-303 Judge Jordan |

### FIRST SUPERSEDING INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### Count One

    Violation: 21 U.S.C. § 963 (Conspiracy to Import Cocaine and to Manufacture and Distribute Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States)

That from sometime in or about January 2018, and continuously thereafter up to and including October 11, 2023, in the Republic of Colombia, Eastern District of Texas and elsewhere,

**First Superseding Indictment/Notice of Penalty – Page 1**



Washington Antunez Musso

defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to commit the following offenses against the United States: (1) to knowingly and intentionally import five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, into the United States from the Republic of Colombia in violation of 21 U.S.C. §§ 952 and 960, and (2) to knowingly and intentionally manufacture and distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending and knowing and with reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 952 and 960.

In violation of 21 U.S.C. § 963.

## Count Two

        Violation: 21 U.S.C. § 959 and 18 U.S.C. § 2 (Manufacturing and Distributing Cocaine Intending and Knowing that the Cocaine Will Be Unlawfully Imported into the United States, Aiding and Abetting)

That from sometime in or about January 2018, and continuously thereafter up to and including October 11, 2023, in the Eastern District of Texas and elsewhere,



**Washington Antunez Musso**

defendants, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending and knowing and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

In violation of 21 U.S.C. § 959 and 18 U.S.C. § 2.

### Count Three

> Violation: Title 18 U.S.C. § 924(o) (Conspiracy to Possess Firearms in Furtherance of any Crime of Violence or Drug Trafficking Crime)

That from sometime in or about January 2018, and continuously thereafter up to and including October 11, 2023, in the Eastern District of Texas and elsewhere,

**Washington Antunez Musso**

knowingly, combined, conspired, confederated, and agreed with others known and unknown to the Grand Jury to commit offenses against the United States, that is, the defendants, ███ **Washington Antunez Musso**, ███ ███ conspired to possess firearms in furtherance of the crime of violence and drug trafficking crimes charged in Counts 1 and 2 of this First Superseding Indictment, re-alleged herein, contrary to 18 U.S.C. § 924(c)(1) and 924(o).

### Count Four

> Violation: 46 U.S.C. §§ 70503 (a) and 70506(a) & (b) (Conspiracy to Possess with the Intent to Distribute Cocaine while on board a vessel subject to the jurisdiction of the United States)

That from sometime in or about January 2018, and continuously thereafter up to and including October 11, 2023, in the Eastern District of Texas and elsewhere,



defendants, did knowingly and intentionally combine, conspire, and agree with each other and other persons known and unknown to the United States Grand Jury, to knowingly and intentionally possess with the intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, a schedule II controlled substance, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a) and (b) and 21 U.S.C. §§ 960 (b)(1)(B)(ii).

### NOTICE OF INTENTION TO SEEK CRIMINAL FORFEITURE

From defendant's engagement in the violations alleged in this First Superseding Indictment, the defendants, shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), and 21 U.S.C. §§ 853 and 970, that was used or intended for use to commit, or to facilitate the commission of, such violation.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third person;

    (c)     has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), and as incorporated by 28 U.S.C. § 2461(c).

                                                  A TRUE BILL

                                                  GRAND JURY FOREPERSON

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

ERNEST GONZALEZ                         Date
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

UNITED STATES OF AMERICA § **SEALED**
§
v. § No. 4:21-CR-303
§ Judge Jordan

WASHINGTON ANTUNEZ MUSSO (2)

## Count One

Violation: 21 U.S.C. § 963

Penalty: Imprisonment for not less than ten years or more than life, a fine not to exceed $10 million or both. A term of supervised release of at least five years

Special Assessment: $100.00

## Count Two

Violation: 21 U.S.C. § 959

Penalty: Imprisonment for not less than ten years or more than life, a fine not to exceed $10,000,000.00 or both. A term of supervised release of at least five years

**First Superseding Indictment/Notice of Penalty – Page 7**

Special Assessment: $100.00

## Count Three

Violation: 18 U.S.C. § 924(o)

Penalty: Imprisonment for not less than five years to be served consecutive with any other term; if the firearm is brandished, imprisonment for not less than seven years; if the firearm is discharged, imprisonment for not less than ten years; a fine not to exceed $250,000, or both; a term of supervised release of not more than five years.

Special Assessment: $100.00

## Count Four

Violation: 46 U.S.C. §70503(a) and 70506 (a) & (b)

Penalty: Imprisonment for not less than ten years or more than life, a fine not to exceed $10 million or both. A term of supervised release of at least five years

Special Assessment: $100.00